# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY AMBER MARTINDALE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-1677-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 11, 2012, Cindy Amber Martindale ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on January 14, 2013. On March 22, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 26 year old female who applied for Supplemental Security Income benefits on November 4, 2008. (AR 10.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the application date. (AR 12.)

Plaintiff's claim was denied initially on June 4, 2009, and on reconsideration on August 25, 2009. (AR 10.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on November 1, 2010, in San Bernardino, California. (AR 10.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 10.) Vocational expert ("VE") Joseph H. Torres also appeared and testified at the hearing. (AR 10.)

The ALJ issued an unfavorable decision on February 16, 2011. (AR 10-20.) The Appeals Council denied review on August 16, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ has properly considered Listings 11.07 and 12.05(C).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 4, 2008, the application date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: borderline intellectual functioning and mild cerebral palsy. (AR 12.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12-14.)

The ALJ then found that Plaintiff has the RFC to perform a range of light work with the following limitations:

> . . . claimant can lift 20 pounds occasionally, 10 pounds frequently; stand and/or walk six hours out of an eight-hour workday and sit for six hours out of an eight-hour workday. Furthermore, Claimant is limited to non-public, simple, repetitive tasks and is precluded from difficult, complex tasks or anything beyond one to two steps; she can have occasional contact with co-workers but is precluded from team tasks, any work involving hypervigilance, such as responsibility for the safety of others and fast-paced work.

(AR 14.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 15.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 18.) At step five, however, the ALJ found that, considering the Claimant's age, education, lack of work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including hand packer and bench assembler. (AR 19.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act since November 4, 2008, the date the application was filed. (AR 19.)

**DISCUSSION**

The ALJ decision must be affirmed. Plaintiff asserts she meets or equals Listings 11.07 and 12.05C and that the ALJ erred by not finding her disabled at step three of the sequential process. The linchpin of Plaintiff's argument is that there is evidence she has an I.Q. of 70 or less, a required element of both listings.

The medical and other evidence of record, however, is conflicting as to Plaintiff's intellectual functioning, and the ALJ's interpretation of the evidence is reasonable and must be upheld. No treating or examining physician or medical source statement recorded findings

equivalent in severity to the criteria of any listed impairment or endorsed the extent of Claimant's alleged functional limitations.

The ALJ's non-disability decision is supported by substantial evidence and free of legal error.

### A.     Relevant Federal Law

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." (Section 404.1526(a)). Medical equivalence is based on symptoms, signs and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

### B.     Listing 11.07

Listing 11 is a category for neurological impairments. Listing 11.07 provides as follows:

11.07 Cerebral palsy. With:

A.     IQ of 70 or less; or

1        B.     Abnormal behavior patterns, such as destructiveness or emotional
2                 instability; or
3        C.     Significant interference in communication due to speech, hearing, or
4                 visual defect; or
5        D.     Disorganization of motor function as described in 11.04B.

6 As Plaintiff contends, Listing 11.07 can be satisfied with proof of cerebral palsy and an I.Q. of 70 or less. There is no dispute that Plaintiff has the severe medical determinable impairment of cerebral palsy. (AR 12.)

9      The ALJ found that the evidence does not support the severity of symptoms required either singly or in combination "to meet or equal a medical listing, including Listings 11.07, 12.02 and 12.05." (AR 12.) The ALJ also found that no treating or examining physician recorded any medical findings to meet or equal the criteria of any listings. (AR 12-13.) More specifically, the ALJ found that the record fails to establish an I.Q. of 70 or less, relying on the results of a September 8, 2007, Wechsler Adult Intelligence Scale administered by consulting psychological examiner, Dr. Kim Goldman. The results were Performance I.Q. of 72, Verbal I.Q. of 72 and Full Scale I.Q. of 70. (AR 13, 280.)

17      Plaintiff disputes the ALJ's finding, relying principally on Dr. Goldman's September 8, 2007, testing results that showed a Full Scale I.Q. score of 70. (AR 13.) Plaintiff also cites a 1992 I.Q. score of 68 when she was five years old (AR 470) and a 2001 performance I.Q. of 67 at age 14. (AR 243.) Plaintiff was 23 at the time of the hearing. (AR 135.)

21      Claimant, however, does not discuss the performance and verbal scores in Dr. Goldman's testing or why she chooses to prefer the full scale measure without regard to the other two scores. Inconsistently, Claimant focused on a Performance I.Q. of 67 in the 2001 testing but does not mention in that same testing she scored a 90 on the verbal I.Q. test and a 77 Full Scale I.Q. (AR 243.) In this same report, Plaintiff's scores were characterized as "within the borderline range." (AR 246.)

27      Claimant also does not address other conflicting evidence in the record. Dr. Goldman interpreted Claimant's scores of Verbal I.Q. of 74, Performance I.Q. of 72 and Full Scale I.Q. of

70 as "Borderline." (AR 280.) Dr. Goldman did not diagnose mental retardation but a learning disorder. (AR 16, 281.) Dr. Goldman did not find that Plaintiff was disabled. In fact, she opined Plaintiff could carry out simple instructions without impairment. (AR 281.) In a November 28, 2010, Mental Interrogatory, Dr. David Glassmire, a licensed psychologist Board certified in forensic psychology who reviewed the medical evidence, opined that Claimant's impairments, combined or separately, do not meet or equal the criteria for any impairment in the listings. (AR 17, 479.) He also found that she has borderline intellectual functioning and, based on test scores, rejected any diagnosis of learning disorder or mild mental retardation. (AR 477-479.) He did say Plaintiff would have moderate difficulties in maintaining concentration and pace. (AR 478.)

     State Agency physicians, relying on Dr. Goldman's findings, found that Claimant was capable of simple repetitive tasks. (AR 18, 285, 299, 420.) They too rejected any diagnosis of mental retardation. They opined that the I.Q. scores before age 16 were not longer valid and stated that the I.Q. score of 70 is not reflective of her actual and current capabilities. (AR 284-285.)

     The overall evidence, medical and otherwise, supports the ALJ's conclusion that Plaintiff can perform simple repetitive tasks. (AR 18.) The ALJ found that the medical evidence indicates that Claimant's intellectual functioning is "at least at a borderline range or above." (AR 15.) No medical source opined that Plaintiff met any of the listed impairments or would be unable to carry out simple repetitive tasks. (AR 12-13, 14, 15, 18.) None of the physician assessments interpret the I.Q. score evidence the way Plaintiff does.

     Also, the ALJ found Plaintiff can read and write well, and passed her high school exit exams and earned her diploma. (AR 15.) She has a normal level of daily activities and interaction. (AR 15.)

     Plaintiff disputes the ALJ's interpretation of the record evidence, but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation is

reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ did not err in finding that Plaintiff did not meet the requirements of Listing 11.07. The ALJ's finding is supported by substantial evidence.

**C.     Listing 12.05C**

Listing 12 is a category for Mental Disorders and Listing 12.05 is a sub-category for mental retardation. Listing 12.05C at issue here provides as follows:

> 12.05 <u>Mental retardation</u>.  Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the development period, <u>i.e.</u>, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.
>
> * * * *
>
> C, A valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

The ALJ specifically found that the criteria of Listing 12.05 are not met. (AR 14.) The ALJ also found that Claimant's verbal, performance and full scale I.Q. score is "at least at a 70 and above, and does not support anything more than borderline intelligence." (AR 14.)

Plaintiff contends that the ALJ decision is erroneous as to Listing 12.05(C) and that she meets the criteria for that listing because she recorded an I.Q. score of 70 or less and she has pain in her lower back, legs and arms, which she claims is a classic symptom of cerebral palsy. Plaintiff also contends that the ALJ failed to consider Listing 12.05(C).

Plaintiff's arguments lack merit. First, the ALJ's decision clearly encompasses and rejects Listing 12.05(c). The ALJ specifically found:

> The evidence does not support that the Claimant has the severity of symptoms required either singly or in combination to meet or equal a

9

>medical listing, including Listings 11.07, 12.02 and 12.05. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment.

(AR 12-13.) The ALJ's finding is supported by the medical evidence, particularly the opinion of Dr. Glassmire who specifically stated that Plaintiff did not meet the criteria for any impairment in the listings. (AR 17, 479.)

Second, the ALJ specifically found that the criteria of Listing 12.05 are not met. (AR 14.) One of the reasons given is that Plaintiff's verbal, performance and full scale I.Q. score is "at least at a 70 and above." (AR 14.) This finding would rule out Listing 12.05C. The Court incorporates and will not repeat the analysis of the conflicting I.Q. score evidence discussed above, except to note again that none of the physician assessments interpreted those scores the way Plaintiff does.

Third, Listing 12.05 is a category for <u>mental retardation</u> that refers to "significantly sub-average general intellectual functioning with deficits in adaptive functioning." Dr. Glassmire found that Plaintiff "demonstrated adequate daily living skills/adaptive functioning." (AR 478.) The physicians who examined Plaintiff, including Dr. Glassmire, rejected any diagnosis of mental retardation, preferring to characterize Plaintiff's mental impairment as "borderline intellectual functioning." Based on this evidence, the ALJ did not find a medically determinable mental retardation impairment but a "borderline intellectual functioning" impairment. (AR 12.) Thus, the ALJ's more general finding that Plaintiff does not meet Listing 12.05, a finding supported by considerable medical evidence, is sufficient to encompass Listing 12.05(C). There was no error in the ALJ's step three finding.

\* \* \*

The ALJ's step three finding that Plaintiff did not meet Listings 11.07 and 12.05 or any listing is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

10

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 25, 2013

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE